**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**RONNIE THAXTON,**

                                        **Plaintiff,**

            **vs.**                                          **9:10-cv-1318**
                                                              **(MAD/RFT)**

**A. SIMMONS, Corrections Officer, Upstate**
**Correctional Facility; GARY, Corrections**
**Officer, Upstate Correctional Facility; BUSH,**
**Corrections Officer, Upstate Correctional**
**Facility; JOHN DOE, Corrections Officer,**
**Upstate Correctional Facility; K. GARNEAU,**
**Nurse, Upstate Correctional Facility; and**
**LUMBARD, Upstate Correctional Facility,**

                                        **Defendants.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**RONNIE THAXTON**
**99-B-0711**
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821
Plaintiff _pro se_

**OFFICE OF THE NEW YORK**                **CHRISTOPHER W. HALL, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

      In a complaint dated October 31, 2010, Plaintiff _pro se_ alleges that Defendants violated

his constitutional rights while he was incarcerated at Upstate Correctional Facility.  _See_ Dkt. No.

1.  Currently before the Court is Magistrate Judge Treece's January 5, 2012 Report-

Recommendation and Order, in which he recommends granting in part and denying in part Defendants' motion to dismiss. *See* Dkt. No. 31.

In his complaint, Plaintiff alleges that, on or about January 13, 2009, he filed an inmate grievance against Defendant Simmons, whom Plaintiff claims harassed him and denied him food at dinner. *See* Dkt. No. 1 at 6.[1] Approximately three-months later, on April 6, 2009, Plaintiffs asked Defendants Simmons and Gary for another food tray because there was hair all over the one he had received. *See id.* After receiving another tray, Plaintiff asked Defendant Simmons why there was an issue with his food each time that Defendant Simmons worked. *See id.* Defendant Simmons responded that did not have time to play with Plaintiff's food, but Plaintiff would know if he had played with it. *See id.* Defendant Gary added that he could accommodate Plaintiff by putting something in his food. *See id.* Plaintiff took both of these comments as threats.

On April 7, 2009, the following day, Defendant Gary made more comments to Plaintiff about his food while serving him dinner. Plaintiff refused to eat out of fear that his food had been tampered with. *See id.* On April 9, 2009, Plaintiff filed an inmate grievance regarding these incidents. *See id.*

On April 28, 2009, Plaintiff was served a kosher dinner by Defendants Bush and Doe. *See id.* at 8. After putting his sardine sandwich together, Plaintiff took a few bites, felt a sharp pain and grinding in his mouth, and immediately spit out the food. *See id.* In the food that he spit out, Plaintiff noticed a gold colored piece of metal and that there were drops of blood. *See id.* Plaintiff immediately called for medical attention and Defendant Bush responded by promptly

---

[1] On March 29, 2011, Judge Sharpe issued a Memorandum-Decision and Order in which he dismissed the claims against Defendants Duvall, Bellnier, and Bellamy without prejudice. *See* Dkt. No. 6 at 10. Plaintiff never amended him complaint to reassert his claims against these Defendants. As such, the Court will only address the facts contained in the complaint relevant to the remaining Defendants and claims.

notifying Defendants Lumbard and Garneau.  *See id.*  Upon Defendants Lumbard and Garneau's

arrival, Plaintiff told them what had occurred.  *See id.*  At this point, Defendant Garneau gave

Plaintiff a medical incident form to fill out and Defendant Lumbard took possession of the piece

of metal and placed it in a ziplock bag to be photographed and placed on file.  *See id.*  Plaintiff

then asked Defendant Garneau to examine him, to which she responded that there was not much

damage.  *See id.*  Plaintiff further emphasized that he was cut and was in pain, at which point

Defendant Garneau walked off stating "don't be a cry baby."  *See id.* at 9.

In his January 5, 2012 Report-Recommendation and Order, Magistrate Judge Treece

recommended that the Court grant in part and deny in part Defendants' motion to dismiss.  *See*

Dkt. No. 31.  Specifically, Magistrate Judge Treece recommended that the Court rule on

Defendants' motion to dismiss as follows: (1) granted as to Plaintiffs' Eighth Amendment failure

to protect claims against Defendant Bellnier, Duvall, and Bellamy, who were each previously

dismissed from this action; (2) granted as to Plaintiff's claims of verbal harassment and threats

against all Defendants; (3) granted as to Plaintiff's Eighth Amendment nutrition claims against

Defendants Simmons and Gary; (4) denied as to Plaintiff's Eighth Amendment nutrition claims

against Defendants Bush and Doe; (5) denied as to Plaintiff's Eighth Amendment deliberate

medical indifference claims against Defendant Garneau; (6) granted as to Plaintiff's First

Amendment interference with religion claims against all Defendants; (7) granted as to Plaintiff's

conspiracy claims against all Defendants; (8) denied as to Plaintiff's First Amendment retaliation

claim against Defendant Simmons; and (9) granted as to Plaintiff's First Amendment retaliation

claims against Defendants Bush and Doe.  *See id.* at 9.  Plaintiff did not object to Magistrate

Judge Treece's Report-Recommendation and Order.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having reviewed Magistrate Judge Treece's January 5, 2012 Report-Recommendation and Order and the applicable law, the Court finds that Magistrate Judge Treece correctly

recommended that the Court should grant in part and deny in part Defendants' motion to dismiss as set forth above.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Treece's January 5, 2012 Report-Recommendation and Order is **ACCEPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Defendants' motion to dismiss is **GRANTED in part and DENIED in part** for the reasons set forth in Magistrate Judge Treece's Report-Recommendation and Order; and the Court further

**ORDERS** that Defendants Simmons, Bush, Doe, and Garneau shall file an answer in response to the remaining claims in the complaint; and the Court further

**ORDERS** that Plaintiff shall continue to take steps to ascertain the identity of Defendant John Doe; and the Court further

**ORDERS** that this matter is referred to Magistrate Judge Treece for all further pretrial matters; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 2, 2012
        Albany, New York

Mae A. D'Agostino
U.S. District Judge