**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**RONNNIE THAXTON,**

                                  **Plaintiff,**                9:10-CV-1318
                                                                     (MAD/RFT)

    vs.

**A. SIMMONS, Corrections Officer, Upstate
Correctional Facility; BUSH, Corrections
Officer, Upstate Correctional Facility;
JOHN DOE, Corrections Officer, Upstate
Correctional Facility; K. GARNEAU, Nurse,
Upstate Correctional Facility,**

                                  **Defendants.**
_____

**APPEARANCES:**                              **OF COUNSEL:**

**RONNIE THAXTON
99-B-0711**
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**          **CHRISTOPHER W. HALL, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Hon. Mae A. D'Agostino, U.S. District Judge**

## DECISION and ORDER

**I.    Introduction**

      The Clerk of the Court has sent to the Court for review a motion seeking the issuance of preliminary injunctive relief filed by Plaintiff Ronnie Thaxton. *See* Dkt. No. 40.

      By his complaint in this action, Plaintiff asserts numerous claims pursuant to 42 U.S.C. § 1983,

arising from his confinement at Upstate Correctional Facility ("Upstate C.F.") in 2009. *See* Dkt. No. 1. In a Decision and Order filed February 2, 2012, Defendants' motion to dismiss the complaint was granted in part and denied in part. *See* Dkt. No. 32. The remaining Defendants – Simmons, Bush, Doe, and Garneau – have answered Plaintiff's First and Eighth Amendment claims which survived the motion to dismiss. *See* Dkt. No. 34.

Plaintiff's Eighth Amendment claims arose on April 28, 2009. Plaintiff alleges that the meal served to him on that date by Defendants Bush and Doe had been tampered with. *See* Dkt. No. 1 at 8. According to Plaintiff, after putting his sardine sandwich together, he took a few bites, felt a sharp pain and grinding in his mouth, and immediately spit out the food. *See id.* In the food that he spit out, Plaintiff noticed a gold colored piece of metal and several drops of blood. *See id.* Plaintiff alleges that Defendant Garneau failed to provide proper and adequate evaluation and treatment for that injury. *See id.* at 9. Plaintiff alleges that Defendant Simmons took adverse action (including contaminating Plaintiff's food tray with hair on April 6, 2009) against him in retaliation for Plaintiff having filed a grievance against Defendant Simmons on January 13, 2009, in violation of his First Amendment rights. *See id.* at 6.

## II.   Discussion

### A.   Legal standard for preliminary injunctive relief

Preliminary injunctive relief "'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). The standard a court must utilize in considering whether to grant a request for

2

injunctive relief is well-settled in this Circuit. *See Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35, 38 (2d Cir. 2010). To prevail on a motion for preliminary injunctive relief, a plaintiff must demonstrate irreparable harm and either a substantial likelihood of success on the merits of the claim, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. *See id.* at 35; *see also Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 405-06 (2d Cir. 2011).[1] However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher. *Id.; see also Jolly v. Coughlin,* 76 F.3d 468, 473 (2d Cir. 1996). Thus, a mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Citigroup Global Markets*, 598 F.3d at 35 n.4 (internal quotation marks omitted).[2]

### B.     Plaintiff's motion

---

[1] "'A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction.'" *Bisnews AFE (Thailand) Ltd. v. Aspen Research Group Ltd.*, 437 Fed. Appx. 57, 58 (2d Cir. 2011) (quoting *Faiveley Transport Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009)). Speculative, remote or future injury is not the province of injunctive relief. *See Los Angeles v. Lyons*, 461 U.S. 95, 111-12 (1983). Rather, a plaintiff seeking to satisfy the irreparable harm requirement, must demonstrate that "absent a preliminary injunction [he or she] will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Bisnews AFE (Thailand)*, 437 Fed. Appx. at 58 (quoting *Faiveley*, 559 F.3d at 118).

[2] Under the Prison Litigation Reform Act, preliminary injunctive relief in any civil action with respect to prison conditions must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct that harm. *See* 18 U.S.C. § 3626(a)(2). In considering an application for prospective relief, the court is required to give substantial weight to any adverse impact such relief may have on public safety or on the operation of the criminal justice system. *See* 18 U.S.C. § 3626(a)(1)(A).

Plaintiff states that he was returned to Upstate C.F. on March 12, 2012, approximately three years after the events complained of in this action. *See* Dkt. No. 40 at 3. Plaintiff was assigned to a cell with an inmate who Plaintiff describes as "extremely paranoid and violent." *See id.* at 1. Plaintiff states that this inmate "knocked his last bunky out and tied him up." *See id.* at 1-2. Plaintiff made numerous requests to staff at Upstate C.F. that he be moved to another cell, all of which were denied. *See id.* at 3-5.[3] Plaintiff claims that on March 19, 2012, he was "bound down with sheet [and] . . . knocked unconscious" by his cell mate. *See id.* at 5. Plaintiff also alleges in his motion that he has had disagreements with medical staff at the facility regarding access to his inhaler, and that he received no medical attention following the March 19, 2012 incident. *See id.* at 4-5.[4] Plaintiff's motion seeks an order of this Court enjoining Defendants "from keeping him in Upstate Corr. Fac. under the extreme circumstances that [he is] in." *See* Dkt. No. 40 at 1. Plaintiff states that he fears for his personal safety at Upstate C.F., and seeks injunctive relief to insure that "nothing [will] transpire." *See id.* at 1-2.[5]

Defendants oppose the motion. *See* Dkt. No. 41. Defendants contend that Plaintiff's motion

---

[3] Plaintiff states that he communicated with Officer Dimick, Sgt. Fifield, Sgt. Demville, C.O. Patterson, C.O. Welch, "unknown C.O.'s," and the Superintendent of Upstate regarding his security concerns. *See id.* at 3-5. None of these individuals are Defendants in this action. According to Plaintiff, corrections staff told him that he would be reassigned if he and his cell mate fought. *See* Dkt. No. 40 at 4-5.

[4] The only medical staff member named in the motion is Nurse Wilson. *See* Dkt. No. 40 at 5. Wilson is not a Defendant in this action.

[5] The Court considers the requested injunction to be mandatory in nature and therefore requiring a higher standard because, although couched in prohibitory terms, it nevertheless seeks to accomplish "significantly more than preservation of the status quo." *S.E.C. v. Unifund SAL*, 910 F.2d 1028, 1040 (2d Cir. 1990); *see Tom Doherty Assoc., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 34 (2d Cir. 1995) (noting that "many mandatory injunctions can be stated in seemingly prohibitory terms"). However, because the Court finds that Plaintiff has not demonstrated his entitlement to preliminary injunctive relief even under the lesser standard of a prohibitory injunction, the characterization of the motion is not essential to the determination of this motion.

must be denied because in seeking transfer to another correctional facility, Plaintiff necessarily seeks an order against the Department of Corrections and Community Supervision ("DOCCS") Office of Classification and Movement, which is not a party to this action. *See* Dkt. No. 41 at 4-5. Defendants also argue that Plaintiff has not made the showing required for mandatory injunctive relief, either in terms of irreparable harm or a likelihood of success on the merits. *See id.* at 4.

"'To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint.'" *Candelaria v. Baker,* No. 00-CV-0912, 2006 WL 618576, *3 (W.D.N.Y. Mar. 10, 2006) (citations omitted); *see also Scarborough v. Evans*, No. 09-CV-0850, 2010 WL 1608950, *2 (N.D.N.Y. Apr. 20, 2010) (holding that a motion for preliminary injunction alleging use of excessive force and denial of medical care by non-parties must be denied where the complaint alleged the denial of mental health care and proper conditions of confinement); *Lewis v. Johnston*, No. 08-CV-482, 2010 WL 1268024, *3 (N.D.N.Y. Apr. 1, 2010) (denying a motion for injunctive relief based upon actions taken by staff at Great Meadow Correctional Facility in 2010, where the complaint alleged wrongdoing that occurred at Franklin and Upstate Correctional Facilities in 2006 and 2007). "[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Omega World Travel, Inc. v. Trans World Airlines,* 111 F.3d 14, 16 (4th Cir. 1997); *accord Ball v. Famiglio*, 396 Fed. Appx. 836, 837 (3d Cir. 2010); *Little v. Jones*, 607 F.3d 1245, 1251 (1st Cir. 2010); *Devose v. Harrington*, 42 F.3d 470, 471 (8th Cir. 1994).

Clearly, the allegations that form the basis for Plaintiff's motion for injunctive relief – namely the perceived threat to his safety posed by a cell mate prone to violent conduct – are not related to the claims in the complaint, which relate to an incident of alleged food tampering, denial of proper and

5

adequate medical care, and retaliation by corrections staff. Plaintiff does not claim that Defendants were responsible for his cell assignment, that any of his requests to be moved were made to the Defendants, or that Defendants were even aware of, let alone involved in, the violent behavior by his cell mate or the alleged denial of medical care.[6]

As a result, Plaintiff's motion for preliminary injunctive relief must be denied.[7]

Additionally, as Defendants correctly maintain, except in limited circumstances not relevant here, a court may not order injunctive relief as to non-parties to an action. *See* Fed. R. Civ. P. 65(d) (providing that "[e]very order granting an injunction . . . binds only . . . the parties."); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *Slacks v. Gray*, No. 9:07-CV-0510, 2008 WL 2522075, *1 n.1 (N.D.N.Y. Jun. 25, 2008). DOCCS is not a party to this action; and the Court finds that an injunction regarding the location of Plaintiff's confinement may not properly be directed at Defendants, none of whom are identified as high-ranking officials of DOCCS or even of Upstate C.F. Similarly, because none of the individuals to whom Plaintiff complained regarding his cell-mate are parties to this action, the Court lacks subject matter jurisdiction to enjoin their conduct. *Scarborough*, 2010 WL 1608950, at *2 (citing *Stewart v. United States I.N.S.*, 762 F.2d 193, 198-99 (2d Cir. 1985)).

---

[6] The only Defendant mentioned in the motion is Defendant Bush. Plaintiff states only that Defendant Bush "smirked" at him when he saw him again at Upstate C.F. *See* Dkt. No. 40 at 3.

[7] Plaintiff's failure to substantiate his allegations of irreparable harm with evidence in admissible form or to demonstrate a likelihood of success on the merits of his underlying claims also warrants denial of his motion. *See Ivy Mar Co. v. C.R. Seasons Ltd.*, 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."); *Hancock v. Essential Res., Inc.*, 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals").

6

### III. Conclusion

After carefully reviewing the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for preliminary injunctive relief (Dkt. No. 40) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 23, 2012
     Albany, New York

Mae A. D'Agostino
U.S. District Judge